T.C. Memo. 2016-6

UNITED STATES TAX COURT

FARSHID GHAFOURI AND ELAHE H. GHAFOURI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19949-13.                              Filed January 7, 2016.

Farshid Ghafouri and Elahe H. Ghafouri, pro sese.

Thomas R. Mackinson and Daniel J. Bryant, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  Respondent determined a $40,528 deficiency in

petitioners' Federal income tax and an $8,105 accuracy-related penalty under

section 6662(a) for 2011.[1]  The issues remaining for our decision are:  (1) whether

_____

[1]All section references are to the Internal Revenue Code in effect for the

(continued...)

[*2] petitioners are entitled to a net operating loss (NOL) carryforward deduction and (2) whether petitioners are liable for the accuracy-related penalty.

FINDINGS OF FACT

The stipulations of facts, together with the attached exhibits, are incorporated herein by this reference. Petitioners resided in California at the time they timely filed their petition.

Petitioners timely filed their 2011 income tax return, and respondent issued a notice of deficiency on May 29, 2013. Respondent determined that petitioners failed to include the following in income: compensation of $15,000, cancellation of indebtedness income of $1,389, ordinary dividend income of $105, and pension distributions of $88,367. Petitioners have admitted or conceded that all of these items should have been included in income. In the notice of deficiency respondent also disallowed an NOL carryforward deduction of $154,858 and imposed a section 6662(a) accuracy-related penalty of $8,105. These are the only two issues remaining for our decision.[2]

---

[1](...continued)
year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]The remaining adjustments in the notice of deficiency are computational.

**[*3]**   On January 12, 2005, petitioners' daughter, Dr. Nazli Ghafouri (Dr. Ghafouri), purchased the property at 944 Jasmine Court in Carlsbad, California (Jasmine Court property), for $724,000 with a $579,160 mortgage.  Dr. Ghafouri was the sole mortgagor and was the only owner listed on the title.

On January 14, 2005, Dr. Ghafouri purchased the property at 4635 Shasta Place in Carlsbad, California (Shasta Place property), for $725,000 with a $580,000 mortgage.  Dr. Ghafouri was the sole mortgagor and was the only owner listed on the title.

The Shasta Place property and the Jasmine Court property were both intended to be rental properties.  The Jasmine Court property, however, was never rented out.

Dr. Ghafouri sold the Jasmine Court property for $620,000 on January 8, 2008.  Notices of default for the Shasta Place property were recorded against Dr. Ghafouri on February 7 and May 12, 2008.  She sold the Shasta Place property for $485,000 on October 23, 2008.  Dr. Ghafouri filed for bankruptcy as a result of the sales.

Petitioners contend that they were the true owners of the properties and that they just "borrowed" Dr. Ghafouri's credit to purchase them because their own credit was poor.  Petitioners have provided no evidence outside of their testimony

[*4] that they provided the funds used to make the downpayments or that they were obligated to pay the mortgages, insurance premiums, or property taxes. Nor is there any evidence to support their contention that they were responsible for the repair and maintenance of both properties or for all of the decisions related to renting out the properties. Further, there is no evidence as to whether petitioners were able to obtain legal title to the properties.

Petitioners began reporting losses from the rental of the Shasta Place property on their 2007 return. Such losses were also reported on petitioners' 2008, 2009, and 2010 returns. In 2008 petitioners filed amended returns for the 2005 and 2006 tax years that also reported losses related to the rental of the Shasta Place property. Petitioners began reporting NOL carryforwards on their 2009 return and reported NOL carryforwards on their 2010 and 2011 returns.

Petitioners' returns did not include information as to how the amounts of the NOL carryforwards were calculated. Further, petitioners' former attorney admitted at trial that the amounts reported as NOL carryforwards on the 2009 and 2010 returns were incorrect but asserted that the correct amount was reported for 2011. The NOL at issue appears to stem from the losses Dr. Ghafouri incurred when the properties were sold for less than their purchase prices.

[*5]                                    OPINION

I.      NOL Carryforward Deduction

Respondent disallowed the entire $154,858 NOL carryforward deduction that petitioners claimed on their 2011 return. Deductions are a matter of legislative grace, and the taxpayer must prove that he is entitled to the deductions claimed.[3] Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers bear the burden of substantiating the amount of any claimed deduction by maintaining the records needed to establish entitlement. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

Generally, an NOL is the excess of allowable deductions over gross income for a given tax year. Sec. 172(c). Only certain deductions are considered when calculating the amount of an individual's NOL. Sec. 172(c) and (d). Unless an exception applies, an NOL must first be carried back 2 years and then carried forward 20 years. Sec. 172(b)(1)(A). If a taxpayer claims an NOL deduction, he must file with his return "a concise statement setting forth the amount of the net operating loss deduction claimed and all material and pertinent facts relative

_____

[3]Petitioners do not argue that the burden of proof shifts to respondent pursuant to sec. 7491(a), nor have they shown that the threshold requirements of sec. 7491(a) have been met.

**[\*6]** thereto, including a detailed schedule showing the computation of the net operating loss deduction." Sec. 1.172-1(c), Income Tax Regs.  Moreover, only the taxpayer who sustained the loss is entitled to an NOL deduction.  See New Colonial Ice Co. v. Helvering, 292 U.S. 435.

There are two distinct reasons, each alone sufficient, to disallow the NOL carryforward deduction petitioners claimed on their 2011 return.  First, assuming that a loss was sustained that may be treated as an NOL, petitioners did not incur that loss.  Second, petitioners have failed to provide sufficient information to substantiate the claimed deduction.

A.    Whether Petitioners Incurred a Loss

The nature of property rights is determined by State law, and the appropriate tax treatment of those rights is determined by Federal law.  United States v. Nat'l Bank of Commerce, 472 U.S. 713, 722 (1985); Blanche v. Commissioner, T.C. Memo. 2001-63, aff'd, 33 F. App'x 704 (5th Cir. 2002).  Under California law, the owner of the legal title to property is presumed to be the owner of the full beneficial title.  Cal. Evid. Code sec. 662 (West 1995).  This presumption may be rebutted only by clear and convincing proof.  Id.  Dr. Ghafouri alone held legal title to the Shasta Place property and the Jasmine Court property and is presumed to be the properties' full beneficial or equitable owner.

[*7]  The presumption that the legal owner is also the equitable owner may be overcome, pursuant to California law, by showing an agreement or understanding exists that shows an intent contrary to that which is reflected in the deed.  In re Marriage of Fossum, 121 Cal. Rptr. 3d 195, 202 (Ct. App. 2011).  Further, a taxpayer becomes the equitable owner of property when he or she assumes the benefits and burdens of property ownership.  See Baird v. Commissioner, 68 T.C. 115, 124 (1977); Puentes v. Commissioner, T.C. Memo. 2013-277; Blanche v. Commissioner, T.C. Memo. 2001-63.  The following factors are frequently considered when determining whether a taxpayer has assumed the benefits and burdens of property ownership:

> (1) whether the taxpayer had the right to possess the property and to enjoy the use, rents, and profits thereof; (2) whether the taxpayer had the duty to maintain the property; (3) whether the taxpayer was responsible for insuring the property; (4) whether the taxpayer bore the risk of loss of the property; (5) whether the taxpayer was obligated to pay taxes, assessments, and charges against the property; (6) whether the taxpayer had the right to improve the property; and (7) whether the taxpayer had the right to obtain legal title at any time by paying the balance of the purchase price.

Puentes v. Commissioner, T.C. Memo. 2013-277, at *5-*6; see also Keith v. Commissioner, 115 T.C. 605, 611-612 (2000).

**[*8]** On the basis of the evidence presented to the Court and testimony presented at trial, the claimed NOL carryforward deduction stems from the sales of the Shasta Place property and the Jasmine Court property. Dr. Ghafouri purchased both properties. She was the only person listed on the titles and was the sole mortgagor. Each property was sold in a short sale, and Dr. Ghafouri filed bankruptcy as a result of the impact that these sales had on her credit. Petitioners, however, claim that they owned the properties and have attempted to deduct the losses incurred as a result of the short sales.

Petitioners and Dr. Ghafouri contend that the properties belonged to petitioners and that the petitioners simply "borrowed" Dr. Ghafouri's credit in order to purchase them. Petitioners have testified that Dr. Ghafouri made no mortgage, property tax, or insurance payments and that they were responsible for the rental and upkeep of the properties. Despite petitioners' claimed ownership of the properties, Dr. Ghafouri bore the risk of ownership and reaped none of the rewards. Both properties were titled solely in Dr. Ghafouri's name, and she was the sole mortgagor. She alone was ultimately responsible for the mortgages and suffered the consequences when the properties were sold in short sales. The alleged arrangement between petitioners and Dr. Ghafouri is not sufficient to

**[*9]** elevate petitioners to equitable owners of the properties. Consequently, assuming arguendo that an NOL arose, it was not incurred by petitioners.

B.     Lack of Substantiation

How petitioners calculated the NOL carryforward deduction claimed on the 2011 return is unclear. Neither a concise statement including the material and relevant facts nor a detailed schedule showing a computation of the NOL amount was filed with the 2011 return or the returns for earlier years for which an NOL carryforward deduction was claimed. See sec. 1.172-1(c), Income Tax Regs. The only evidence submitted to support petitioners' claimed NOL carryforward deduction is their previous returns. The prior tax returns show only that petitioners claimed NOL carryforward deductions. They do not provide evidence that petitioners are entitled to them. See Whitaker v. Commissioner, T.C. Memo. 2010-209. On the basis of the information petitioners provided, we are unable to determine whether an allowable NOL even arose. Consequently, petitioners have failed to meet their burden of proof. See id. Respondent correctly disallowed the NOL carryforward deduction that petitioners claimed on their 2011 return.

We hold that petitioners are not entitled to an NOL carryforward deduction for 2011.

**[*10]** II.     Accuracy-Related Penalty

An accuracy-related penalty of 20% is imposed on the portion of an underpayment attributable to negligence or a substantial understatement of income tax. Sec. 6662(a) and (b)(1) and (2). Negligence includes the failure to properly substantiate items claimed on the return. Sec. 1.6662-3(b)(1), Income Tax Regs. An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d).

Respondent bears the burden of production with respect to petitioners' liability for the section 6662(a) penalty and must produce evidence to prove that imposition of the penalty is appropriate. See sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Petitioners have admitted or conceded that they failed to report $104,861 in income, and respondent has shown that petitioners are not entitled to the NOL carryforward deduction. Respondent has met his burden of production with respect to negligence and a substantial understatement of income tax.

Petitioners requested a refund of $3,495 on their 2011 return. They failed to report $104,861 in income and incorrectly claimed a $154,858 deduction. Their understatement was certainly substantial within the meaning of section 6662(d).

**[\*11]** The accuracy-related penalty, however, is not imposed in situations where the taxpayer can establish that he acted with reasonable cause and in good faith. Sec. 6664(c)(1). The taxpayer has the burden of proving reasonable cause. See Higbee v. Commissioner, 116 T.C. at 447-449. Petitioners have failed to argue or offer evidence that the penalty should not be imposed. Consequently, we hold petitioners are liable for the section 6662(a) penalty for the 2011 tax year.

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.